IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.: 1:24-CV-00082-MDB

BOYD DELANZO

    Plaintiff,

v.

CONN APPLIANCES, INC. D.B.A CONN'S HOMEPLUS, and KELLERMEYER BERGENSONS SERVICES, LLC

    Defendants.

---

## FIRST AMENDED COMPLAINT AND JURY DEMAND

---

**THE PLAINTIFF**, Boyd DeLanzo, by and through his undersigned counsel, complaining of the Defendants, Conn Appliances, Inc., alleges and says as follows:

## PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Boyd DeLanzo, (hereinafter "Major DeLanzo or Plaintiff") is a citizen and resident of the City of Colorado Springs, County of El Paso, State of Colorado.

2. The injury which is the subject of this action occurred at "Conn's HomePlus," located at 345 N. Academy Blvd., Colorado Springs, Colorado 80909.

3. Upon information and belief, Conn's HomePlus is owned, operated, or otherwise controlled by Defendant Conn Appliances, Inc.

4. Upon information and belief, the Defendant Conn Appliances, Inc. (hereinafter "Defendant Conn's") is a Foreign Corporation formed under the laws of Texas while doing business in and/or owning property in the County of El Paso, State of Colorado, and its agent to accept service is C T Corporation System, which is located at 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112-1268.

5. Upon information and belief, the Defendant Kellermeyer Bergensons Services, LLC (hereinafter "Defendant KBS") is a Foreign Limited Liability Company formed under the law of California while doing business in and/or owning property in the Arapahoe County, State of Colorado, and its agent to accept service is 1900 W. Littleton Blvd., Littleton, CO, 80120.

1

6. This Court has jurisdiction over the parties and the subject matter of this action.

7. Upon information and belief, and at all times relevant herein, the Plaintiff is an "Invitee" as that term is defined by C.R.S. § 13-21-115(7)(a).

## **GENERAL ALLEGATIONS**

8. The Plaintiff incorporates by reference the foregoing paragraphs as if fully expressed herein.

9. On or about January 30, 2022 Major DeLanzo was a customer and patron, as an invitee and for the benefit of Defendant Conn's, at Defendant Conn's place of business, located at 345 N. Academy Blvd., Colorado Springs, Colorado 80909, for the purpose of shopping and otherwise conducting business.

10. On or about January 30, 2022, Major DeLanzo was picking up a furniture item purchased from Defendant Conn's.

11. On or about January 30, 2022, Major DeLanzo was instructed by whom was identified as a store manager at Defendant Conn's to meet around back to pick up Major DeLanzo's purchase.

12. Major DeLanzo asked the gentleman who identified as a manager at Defendant Conn's several times for additional information about where exactly to meet in the back of the store.

13. The Defendant Conn's store manager continued to repeat nothing more than "in the back."

14. When Major DeLanzo reached the back of the store on or about January 30, 2022, there were no Defendant Conn's employees waiting for him and there were no open doors for Major DeLanzo to approach.

15. On or about January 30, 2022, the back of Defendant Conn's store had no markings or signs of any kind to identify where customers were intended to pick up their purchases.

16. The following photos are a true and accurate depiction of the back of Defendant Conn's store that existed on or about January 30, 2022.





17. Upon information and belief, the most recent snow fall before the incident on January 30, 2022, occurred three days prior on January 27, 2022.

18. Upon information and belief KBS, LLC was contracted by Defendant Conn's for property management services, including snow and ice mitigation at the time of the incident.

19. Upon information and belief, the Defendant Conn's is in possession and control of the property where the incident occurred.

20. Defendant Conn's should have taken action to remove snow and ice that resulted from a snow fall at least three days prior in an area where customers were being directed to pick up furniture.

21. It was reasonably foreseeable that Major DeLanzo would approach the only door that looks like a regular door on the back side of the building when no specific instructions were given by Defendant Conn's and no signage existed to direct customers for furniture pick up.

22. Major DeLanzo slipped and fell on black ice on the ramp approaching the stairway in the area just before reaching the visible snow and ice on the ground.

23. As a result of the incident, Major DeLanzo sustained damages and injuries.

24. Major DeLanzo was lawfully on the Defendant's property at the time of the incident.

25. Defendant Conn's knew or should have known about the dangerous condition on the property.

26. According to C.R.S. 13-21-115(4)(c), an ". . . an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers the landowner actually knew about or should have known about."

27. Defendant Conn's failed to take action to remedy the dangerous condition on the property.

28. Defendant Conn's failed to warn Major DeLanzo of the dangerous condition on the property.

29. Following the incident, Major DeLanzo reported the incident to a manager at Conn's.

30. On January 30, 2022, due to the negligence of Defendant Conn's, Major DeLanzo suffered serious injuries at Defendant Conn's place of business.

31. Defendant Conn's should have policies in place that would ensure the safety of customers, patrons, and/or invitees on the premises.

32. Defendant Conn's failed to enact policies that would ensure the safety of customers, patrons, and/or invitees on the premises.

33. The incident and resulting injuries and damages to Major DeLanzo were caused directly and proximately by the negligent, negligent *per se*, grossly negligent, careless, reckless, willful, wanton and unlawful acts and/or omissions of the Defendant.

34. Upon information and belief, Defendant Conn's has contracted Defendant KBS for removal of snow and ice from the premises where the slip and fall occurred.

35. Upon information and belief, the contract between Defendant Conn's and Defendant KBS may include a clause for shifting or sharing of liability between the defendants.

36. All claims of relief below are against all defendants due to the possible shifting or sharing of liability based on contract between the two defendants.

**FIRST CLAIM FOR RELIEF**
**NEGLIGENCE AGAINST ALL DEFENDANTS**

37. Major DeLanzo incorporates all prior allegations as though fully set forth herein.

38. The incident involving Major DeLanzo was caused by the negligence of Defendant Conn's and/or Defendant KBS.

39. Defendant Conn's had a duty to exercise reasonable care to protect invitees against dangers the landowner actually knew about or should have known about, including Major DeLanzo.

40. Defendant Conn's breached its duty of care as more fully described above.

41. As a direct, proximate, and foreseeable result of the negligence of the Defendants, Major DeLanzo suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, and permanent impairment in amounts to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE PER SE AGAINST ALL DEFENDANTS

42. Major DeLanzo incorporates all prior allegations as though fully set forth herein.

43. Defendant Conn's violated its duty under C.R.S. 13-21-115(4)(c) to use reasonable care to protect invitees against dangers known or which should have been known by Defendant.

44. Defendant Conn's violated Colorado City Code 3.4.202 which requires commercial landowners to remove snow and ice by 5:00 pm the day following termination of snow fall from any sidewalk subject to a public easement or right of way.

45. Colorado City Code 3.4.202(B) states, "This section imposes an affirmative duty to remove snow and ice from the sidewalks to protect public safety. Violation of this duty shall constitute negligence per se and an unlawful act, subjecting the violator to civil liability for any injury proximately caused by the violation, civil liability for the costs of removal and criminal prosecution."

46. The purpose of the aforementioned statutes is to protect against the type of injuries and losses sustained by Plaintiff.

47. Major DeLanzo was a member of the group of persons the aforementioned statutes were intended to protect.

48. Defendant violated the aforementioned Colorado statutes constituting negligence per se.

49. As a direct, proximate and foreseeable result of the negligence per se of the Defendant, Major DeLanzo suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, and permanent impairment in amounts to be determined at the time of trial.

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court enter judgment against Defendant and in favor of Plaintiff for the following, in amounts to be proven at or following trial:

a. Economic damages, including, but not limited to, past and future medical expenses, mileage, loss of income, loss of earning capacity, and out-of-pocket expenses;

b. Noneconomic damages, including, but not limited to, mental and physical pain and suffering, loss of enjoyment of life, inconvenience, mental stress, mental anguish, impairment of the quality of life, and emotional distress;

c. Damages for permanent injuries, impairment, and disfigurement;

d. All other compensatory damages caused Plaintiff by Defendants' acts or omissions, in amounts to be proven at trial;

e. Pre- and post-judgment interest as permitted by law until paid;

f. Plaintiff's costs, including expert witness fees; and

g. For such other and further relief as the Court deems appropriate under the circumstances.

## **JURY DEMAND**

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Respectfully submitted: July 15, 2024

>*/s/ Dominic J. Perrino*
>Dominic Perrino, Reg. No. 45724
>David J. Hinkle, Reg. No. 53893
>Springs Law Group, LLC
>1880 Office Club Pointe, Suite 200
>Colorado Springs, CO 80920
>719-300-7554
>dominic@springslawgroup.com
>Counsel for Plaintiff

*Attorneys for Defendant*
Lance G. Eberhart, Esq.
Brooke A. Churchman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
303-628-3300
eberhartl@hallevans.com
churchmanb@hallevans.com